GINSBURG, Chief Judge,
concurring:
I write separately only because I do not agree with the Court’s reason for holding the issues in this case are ripe for decision. I do not disagree with the Court’s conclusion.
The district court read the amendment of 24 U.S.C. § 413 largely to supplant the mandate of § 413(b) that the Home provide “high quality and cost-effective” health care. For example, because § 413(c)(1)(A) provides “the Retirement Home shall have a physician and a dentist ... available at the facility during the daily business hours of the facility,” the district court concluded that the statute did not oblige the Home to have a physician on site overnight and therefore that the amendment mooted the plaintiffs’ prayer for that relief. See Ct. Op. at 608-09. The district court also held the amendment made unripe all the plaintiffs’ claims it did not moot. 450 F.Supp.2d at 9-10. Apparently reading the amendment to make § 413(b) applicable only when the COO provides care pursuant to § 413(c)(3), the court noted the COO had not yet issued standards. See, e.g., id. at 9 (“[T]he standards controlling ... access to medication ... are yet to be established under [§ 413(c)(3) ] by [the] COO-Accordingly, this relief requested by plaintiffs is being sought prematurely....”). The court was troubled also that the COO was yet to exercise his discretion pursuant to § 413(d). Id.
The Court seizes upon Government counsel’s statement at oral argument that the COO is “issuing standards all the time,” as though that addressed the district court’s concern with ripeness. Ct. Op. at 609 n. 2. The Court infers counsel’s position was that § 413(c)(3) does not require “a more formal process than continuing to provide care at the Home.” Id. That is not, however, the position of the Government, the brief of which adopted the view of the district court: “Since [the COO] has yet to establish ... standards, the District Court properly held” the case was unripe. The plaintiffs, too, view § 413(c)(3) as requiring the COO to do more than provide care: “[I]t has now been seventeen months since the statute was amended to require the COO to issue the standards, but they still have not been issued.” It is hardly surprising, therefore, that “no party has suggested [the Court’s] approach is inconsistent with” the statute. Ct. Op. at 610 n. 2.
In context, moreover, I think it clear counsel was not addressing the scope of § 413(c)(3) and did not represent that the COO had promulgated “standards.” He discussed neither the text nor the purpose of the amendment. Nor did he explain why reading the statute as the Court now does would not render § 413(c)(3) a nullity. Furthermore, counsel’s examples of “standards” were just instances of the Home providing care. (“[The COO is] issuing standards all the time.... When he establishes a new bus schedule, when he sets up *612 x-ray services or contracts out a doctor, that’s what he does.”)
Considering that the Court has an obligation independently to determine whether the district court had jurisdiction, we should not strain to interpret counsel’s ex tempore remark at oral argument as establishing a fact for which there is no record support and which contravenes the same party’s written submission. Even as the Court interprets counsel’s statement, moreover, that statement does not address the district court’s concern that the COO had yet to exercise his discretion regarding the provision of transportation pursuant to § 413(d)(1).
In my view, it is nonetheless clear, quite apart from counsel’s statement, this ease is ripe. The plaintiffs complain that the Home does not provide care consistent with the standard set out in § 413(b) (“high quality and cost-effective” health care), not that the COO has violated his obligations to promulgate more specific standards pursuant to § 413(c)(3) and to provide for the transportation of residents pursuant to § 413(d)(1). Whatever the role of those provisions, they do not displace the mandate of § 413(b). For instance, the plaintiffs assert that § 413(b) requires the COO to provide x-ray services on-site, as the Home used to do. The COO already has decided to eliminate this service, although he did so through an informal adjudication rather than by promulgating a “standard” under § 413(c)(3). That decision and others like it have allegedly injured the plaintiffs and given rise to a live controversy over the question whether the Home is providing the “high quality and cost-effective” health care required of it by § 413(b).